UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-249-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMIE M. HARGROVE, | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Motion to Dismiss All *Pro Se* Pleadings [DE-83] filed by Defendant Jamie M. Hargrove ("Defendant"). Specifically, the Government contends that Hargrove is currently represented by appointed counsel and therefore the court should summarily dismiss all of the Defendant's *pro se* pleadings [DE-79; DE-80]. The Government also requests an extension of time by ten (10) days from the court's ruling on the present motion in which to file its written responses, should the court decide to consider Defendant's *pro se* pleadings. The Government indicates that it has contacted counsel for Defendant, Mr. Geoffrey Hosford, but is unclear as to whether counsel will be adopting the *pro se* pleadings filed by Defendant. *See* [DE-83], p. 2.

At the outset, the court notes that it must exercise caution to not force counsel upon a defendant, because the Sixth Amendment, in addition to the right to the assistance of counsel, provides an implicit affirmative right to self-representation. *See Faretta v. California*, 422 U.S. 806, 819 (1975) (stating that although not explicit in the Sixth Amendment, the right to self-representation - to make one's own defense personally - is necessarily implied by the structure of the Sixth Amendment). The right to self-representation and the right to representation by counsel, while

independent, are essentially inverse aspects of the Sixth Amendment and thus the assertion of one constitutes a de facto waiver of the other. *United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997); *Tuitt v. Fair*, 822 F.2d 166, 174 (1st Cir. 1987) (stating that the constitutional right of self-representation entails an unequivocal waiver of the constitutional right to be represented by counsel). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." *Id.* at 465.

Here, counsel for Defendant filed a Notice of Appearance [DE-72] on September 30, 2011. On October 19, 2011, Defendant filed his *pro se* pleadings [DE-79; DE-80]. As of the date of this order, the court is uncertain as to whether Defendant wishes to waive his right to counsel and proceed *pro se*. Furthermore, as stated previously, the Government indicates that it is uncertain as to whether counsel for Defendant will be adopting these *pro se* motion. *See* [DE-83], p. 2. Upon careful consideration, the Government's Motion to Dismiss All *Pro Se* Pleadings [DE-83] is DENIED. However, it is hereby ORDERED that:

1. Counsel shall discuss with Defendant whether he wishes to waive his right to counsel and proceed *pro se*. Within **seven (7) days** of the filing date of this order, counsel shall notify the court, through a status report, Defendant's decision as to whether he wishes to waive his right to counsel.

2. If Defendant chooses to waive his right to counsel, the status report should include any relevant information, including but not limited to his education background, age, counsel's assessment of his mental competency, Defendant's awareness of the crime to which has been

charged, and understanding of the associated maximum penalties, to illustrate that Defendant's decision to waive counsel was made expressly, knowingly, and intelligently. Counsel should also provide a signed declaration from Defendant expressing his desire to waive his right to counsel, specifically, detailing his appreciation of the charges against him, potential penalties, and the full implications of proceeding *pro se*. At the date of the filing of these documents, the Government is to be given **ten (10) days** in which to respond to Defendant's *pro se* pleadings [DE-79; DE-80].

3. If Defendant chooses not to waive his right to counsel, then the Clerk of Court is DIRECTED to terminate Defendant's *pro se* pleadings [DE-79; DE-80]. Counsel may refile these motions, at which time the Government shall be afforded an opportunity to respond. The court will make a ruling when the matter is ripe for disposition.

SO ORDERED.

This the 6th day of December, 2011.

JAMES C. FOX
Senior United States District Judge