UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-249-3F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TAMIL ROBINSON, | ) | |
| Defendant. | ) | |

This matter is before the court on the letter/motion [DE-168] filed by Tamil Robinson ("Robinson") requesting a copy of his sentencing transcript free of charge. On February 28, 2012, Robinson was sentenced to seventy one (71) months imprisonment upon a plea of guilty, pursuant to a written plea agreement, to possession of a stolen firearm and ammunition and aiding and abetting, in violation of 18 U.S.C. §§ 922(j), 924, and 2, and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924. A review of the docket indicates that there are no other pending motions in this case.

Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense. Section 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-30 (1976).

Here, Robinson fails to show a "particularized need" for the production of his sentencing transcript. In fact, Robinson provides no justification for the need for such document. Therefore, Robinson's letter/motion [DE-168] requesting a copy of his sentencing transcript free of charge is **DENIED**.

SO ORDERED.

This the 27th day of July, 2012.

JAMES C. FOX
Senior United States District Judge